# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN JOHNSON,
#Y-26289,

      Plaintiff,

vs.                                                            Case No. 18-CV-953-DRH

JILL MOORE,
DRAKE MILLER
ALEXIS BRAZIL,
DUSTIN GULLY, and
BRANDON PAITE,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff Kevin Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 pertaining to his prior pretrial detention at the Harrisburg County Jail ("Jail").[1] Plaintiff claims that Jail officials were deliberately indifferent to his medical needs. In connection with his claims, Plaintiff names Jill Moore (Nurse), Drake Miller (Correctional Officer), Alexis Brazil (Correctional Officer), Dustin Gully (Correctional Officer), and Brandon Paite (Correctional Officer). The Complaint also includes allegations pertaining to Plaintiff's current incarceration at Pinckneyville, but Plaintiff has not

---

[1] Plaintiff repeatedly references the Harrisburg County Jail. However, Harrisburg, is not a county. Harrisburg is a township located in Saline County, Illinois. It is likely that Plaintiff is actually referencing the Saline County Jail, which is located in Harrisburg, Illinois.

named any Pinckneyville officials in connection with these claims. In his request for relief, Plaintiff indicates that he wants "to put a stop to the crookedness of Saline County and make them hire a nurse and hire someone who has a license to pass out medication." (Doc. 1, p. 15).

This case is now before the Court for a preliminary review[2] of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the

---

[2] The Complaint and a Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion) were filed on April 16, 2018. (Docs. 1 and 2). Plaintiff's IFP Motion, however, was incomplete. (Doc. 6). Plaintiff provided the additional materials in support of his IFP Motion on June 11, 2018 (Doc. 7), and Plaintiff's IFP Motion was granted on June 12, 2018 (Doc. 8). Accordingly, the Complaint is now ripe for screening.

factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

*Rule 8*

In order to state a claim, a complaint must also comply with Rule 8 by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The primary purpose of these pleading requirements is to give defendants fair notice of the claims against them and the grounds supporting the claims. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Under Rule 8, Plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group of defendants (such as "correctional officers"), without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir.

3

1996).

*Severance*

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint, most of which are not associated with any particular defendant:

**January 2016 – Infected Tooth**

Plaintiff was arrested on January 18, 2016 and detained at the Jail. (Doc. 1, p. 5). At the time of his arrest, Plaintiff was suffering from an infected tooth.

4

*Id.* Plaintiff submitted a sick call request, but apparently did not receive treatment for eight days. During this time, Plaintiff's jaw was severely swollen. *Id.* Additionally, he could barely talk, could not eat, and experienced severe pain. *Id.*

**April or May 2016 – Fall From Bed**

In April or May 2016, Plaintiff fell from the top bunk in his cell. (Doc. 1, p. 6). Plaintiff hit his head, shoulder, and back. *Id.* He submitted a sick call. *Id.* Officer Gully responded to the sick call, stating if Plaintiff was breathing he was fine. *Id.* Plaintiff submitted complaints to Captain Bennett and Lieutenant Bennett (not defendants in this action), but did not receive a response. *Id.* After the falls, Plaintiff suffered from (and continues to suffer from) headaches, back pain, and shoulder issues. *Id.*

**May 2016 – Wrong Medication**

In May of 2016, unspecified correctional officers gave Plaintiff the wrong medicine. (Doc. 1, p. 6). Plaintiff lost consciousness and awoke in the hospital. *Id.* Plaintiff was given "nitro" to stabilize his heartrate and blood pressure. *Id.* Plaintiff stayed in the hospital overnight. *Id.* Plaintiff had to sleep in soiled clothes because he had a bowel movement in his clothes and unspecified correctional officers would not let him take a shower or change his clothes. *Id.*

**July 2016 – Slipped on Wet Floor**

In July 2016, when Plaintiff was in isolation, he fell and hit his chest on a steel desk. (Doc. 1, p. 7). Plaintiff fell because officials refused to give him a

shower curtain, and as a result, the floor was wet. *Id.* Plaintiff put in a sick call. *Id.* An unspecified correctional officer looked at Plaintiff's chest and simply said, "its bruised." *Id.* The officer then walked away. *Id.* Plaintiff submitted complaints to Lieutenant Bennett and Captain Bennett, but his complaints were ignored. *Id.*

**Time in Isolation**

Plaintiff was housed in isolation for eight months. (Doc. 1, p. 7). During that time, unspecified correctional officers refused to take him to the library, church, or yard. *Id.* Plaintiff complained to Lieutenant Bennett and Captain Bennett, but did not receive a response. *Id.*

**Pinckneyville Allegations**

At the close of his Complaint, Plaintiff includes several allegations pertaining to his incarceration at Pinckneyville. (Doc. 1, p. 8). Plaintiff states that he is "going blind because [he has] no glasses" and claims he has migraines every day. *Id.* He also attributes his headaches to falling from the top bunk in April or May 2016 when he was at the Jail. *Id.* Plaintiff states that he is asking for help. *Id.*

Plaintiff also states that he has filed grievances at Pinckneyville. *Id.* Plaintiff does not describe the content of these grievances, but has attached two grievances as exhibits to demonstrate he "is still begging for help." *Id.* The attached grievances include complaints about a disputed disciplinary ticket, access to hygiene items, and inadequate medical care. (Doc. 1, pp. 9-14).

Plaintiff has not named any Pinckneyville officials in connection with these claims.

## Division of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. **Any claims not addressed in this Order are considered dismissed without prejudice from this action**.

.

| | |
|---|---|
| **Count 1:** | In January 2016, when Plaintiff was housed at the Jail, Unknown Party exhibited deliberate indifference to Plaintiff's infected tooth, in violation of the Fourteenth Amendment. |
| **Count 2:** | In April or May 2016, when Plaintiff was housed at the Jail, Officer Gully exhibited deliberate indifference when Plaintiff fell from his top bunk, in violation of the Fourteenth Amendment. |
| **Count 3:** | In May 2016, when Plaintiff was housed at the Jail, Unknown Party exhibited deliberate indifference by administering Plaintiff the wrong medication, in violation of the Fourteenth Amendment. |
| **Count 4:** | In May 2016, when Plaintiff was housed at the Jail, Unknown Party subjected Plaintiff to cruel and unusual punishment by refusing to let Plaintiff shower or obtain clean clothing after Plaintiff soiled himself, in violation of the Fourteenth Amendment. |
| **Count 5:** | In July 2016, when Plaintiff was housed at the Jail, Unknown Party exhibited deliberate indifference by refusing to provide Plaintiff with a shower curtain, causing him to slip on the wet floor, in violation of the Fourteenth Amendment. |
| **Count 6:** | In July 2016, when Plaintiff was housed at the Jail, |

>Unknown Party exhibited deliberate indifference when Plaintiff slipped on the wet floor, in violation of the Fourteenth Amendment.

**Count 7:** Unknown Party subjected Plaintiff to cruel and unusual punishment during his eight months in isolation at the Jail, in violation of the Fourteenth Amendment.

**Count 8:** Unknown Party exhibited deliberate indifference to plaintiff's medical needs by denying him glasses and/or failing to address his migraine headaches, when he was housed at Pinckneyville, in violation of the Eighth Amendment.

## S̲ᴇᴠᴇʀᴀɴᴄᴇ̲

Rule 20 prohibits a Plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Fᴇᴅ. R. Cɪᴠ. P. 20(a)(2). Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *Id. See also George*, 507 F.3d at 607); 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978).

Rule 18 allows a party to join unrelated claims against defendants in a suit. Fᴇᴅ. R. Cɪᴠ. P. 18(a). However, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, *Intercon Research Assn., Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*). This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under

Rule 18.  In addition, under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

In the instant case, Counts 3 and 4 (pertaining to Plaintiff receiving the wrong medication) appear, at least tenuously, to be transactionally related.  The remaining claims (Counts 1-2 and Counts 5-8) appear to involve discrete occurrences that are not transactionally related.  The unrelated claims can only be pursued in a single action if Defendants are properly joined under Rule 18.  The Court's ability to assess whether joinder is proper under Rule 18 is significantly impaired because only one claim (Count 2) is associated with a specific defendant (Officer Gully).  The other claims are not directed against any particular defendant (accordingly the Court has construed these claims as being directed against Unknown Party).

That being said, at a minimum, the Court can conclude that Counts 1-7 (involving allegedly unconstitutional conduct at the Jail) are not properly joined with Count 8 (involving allegedly unconstitutional conduct at Pinckneyville).  The claims pertaining to the Jail are not transactionally related to the claims pertaining to Pinckneyville; they involve discretionary actions at different prisons and do not constitute the same series of transactions and occurrences with common questions of fact common to each of the defendants.  Additionally, despite the pleading deficiencies noted above, the Court can discern that these sets of claims involve different officials (Counts 1-7 involve Jail officials, while Count 8 involves Pinckneyville officials).  Accordingly, at a minimum, Counts 1-7

are not properly joined with Count 8, and these claims do not belong together in a single action.

For these reasons, the Court exercises its authority under Rule 21 and severs the improperly joined claims. The Court will sever Count 8 (Pinckneyville claims directed against Pinckneyville officials) into a separate action. This separate action will have a newly assigned case number and shall be assessed a filing fee. The severed action shall undergo preliminary review pursuant to § 1915A after the new case numbers and judge assignments have been made. Counts 1-7 shall remain in this action and shall receive preliminary review below. The Court notes, however, that Counts 1-7 may be subject to further severance if and when Plaintiff provides more information pertaining to these claims.

## Discussion[3]

### Count 2

The Court begins its analysis with Count 2, as it is the only claim that is associated with a particular defendant. Plaintiff claims that, in April or May 2016, he fell from the top bunk, hitting his head, shoulder, and back. When Officer Gully responded, he indicated that, since Plaintiff was "still breathing," he was fine. Plaintiff claims that, as a result of the fall, he continues to suffer from headaches, back pain, and shoulder issues.

A deliberate indifference claim contains both an objective and a subjective component. "[A] prisoner must first establish that his medical condition is

---

[3] It appears that Plaintiff's claims pertaining to the Jail occurred when he was a pretrial detainee, and thus, arise under the Fourteenth Amendment as opposed to the Eighth Amendment.

10

'objectively, sufficiently serious,' and second, that prison officials acted with a 'sufficiently culpable state of mind'—i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562-63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir.1997).

In the instant case, Plaintiff has not sufficiently alleged that he suffered from an objectively serious injury. Plaintiff merely alleges that he fell from his top bunk. Plaintiff does not describe his condition immediately after falling or provide any information with regard to what he told Officer Gully. Absent additional information, the Complaint fails to allege that Officer Gully was aware of a medical need that was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## Remaining Claims
## Count 1 and Counts 3-7

The remaining claims are not associated with any particular defendant; Plaintiff merely describes allegedly unconstitutional conduct without identifying who was involved in the allegedly unconstitutional conduct and/or directs his claims against unspecified correctional officers. This is insufficient. As such,

these claims do not contain sufficient allegations to support a claim for liability against any individual defendant. For this reason, Count 1 and Counts 3-7 fail to state a claim upon which relief may be granted, and they shall be dismissed without prejudice.

## Amended Complaint

For the reasons set forth above, the Complaint, which includes Counts 1-7 (claims pertaining to the Jail), does not survive preliminary review. If Plaintiff chooses to proceed with his claims in this action, he must file a First Amended Complaint. The First Amended Complaint should only include claims pertaining to Plaintiff's incarceration at the Jail. Further, Plaintiff should only bring *related* claims against one group of defendants. This requires Plaintiff to choose which claims he will pursue in this action and omit all reference to unrelated claims against other defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015).

By omitting reference to improperly joined claims in his First Amended Complaint, Plaintiff does not lose the right to pursue those claims. He may pursue them by filing a separate suit. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (holding that, in the case of misjoinder, courts can require a prisoner to "file separate complaints, each confined to one group of injuries and defendants"). If he chooses to go this route, Plaintiff will be required to pay a filing fee for each new lawsuit he brings. **He should also keep in mind matters pertaining to the statute of limitations**.

If Plaintiff instead chooses to bring all of his claims again in the First

Amended Complaint, this Court will sever unrelated claims against different defendants into separate actions if it determines that they are improperly joined in a single action. At that point, Plaintiff will have no say in the matter. The Court will open a new case for each set of unrelated claims and assess a filing fee in each case. The newly severed cases will be subject to preliminary review under 28 U.S.C. § 1915A and potentially a strike under § 1915(g).

### Motion for Recruitment of Counsel (Doc. 3)

Plaintiff has filed a Motion for Recruitment of Counsel, which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation:

13

evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. As to the second question, Plaintiff indicates that he has some high school education, is ignorant of the law, and has a low IQ. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint and attached grievances demonstrate Plaintiff has a clear grasp of the English language. He demonstrates an ability to construct coherent sentences and organize his claims into a cohesive pleading. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to identify the individuals that allegedly violated his rights and describe their actions. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time and the motion is denied. The Court will remain open to the appointment of counsel in the future.

### Motion for Service of Process (Doc. 4)

Plaintiff's Motion for Service of Process at Government Expense is **DENIED**. Plaintiff is a prisoner who has been granted permission to proceed in this action as a poor person. Accordingly, the Court will order service as a matter

14

of course upon all defendants who remain in this action if and when Plaintiff's First Amended Complaint survives preliminary review.

## Disposition

### Severance

**IT IS HEREBY ORDERED** that **COUNT 8** directed against **UNKNOWN PARTY** is **SEVERED** into a new case. That new case shall be: Claim against **DEFENDANT UNKNOWN PARTY**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;
(2) The Complaint (Doc. 1);
(3) Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2); and
(4) Plaintiff's Trust Fund Account Statement (Doc. 7).

Plaintiff **will be responsible for an additional filing fee** in the new case.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNTS 1-7**.

### Merits Review Counts 1-7

**IT IS HEREBY ORDERED** that the Complaint, which includes Counts 1-7, is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before July 26, 2018). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-953-

DRH. The amended complaint shall present each claim in a separate count, using the numbers as designated by the Court above. In each count, Plaintiff shall specify, by name,[4] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. The amended complaint should only include claims pertaining to Plaintiff's incarceration at the Jail. **Plaintiff should *include only related claims* against common defendants in his new complaint. Claims found to be unrelated against different defendants will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g)

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification. Including a catch-all John/Jane Doe defendant in the case caption is not sufficient.

because he has yet to state a claim upon which relief may be granted.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiffs' claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.28
11:37:49 -05'00'

**U.S. District Judge**