IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN JOHNSON,
#Y-26289,

   **Plaintiff,**

  vs.              Case No. 18-CV-953-DRH

JILL MOORE,
DRAKE MILLER
ALEXIS BRAZIL,
DUSTIN GULLY, and
BRANDON PAITE,

   **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  This matter is before the Court for case management. Plaintiff filed this action on April 16, 2018, claiming that, when he was previously incarcerated at the Harrisburg County Jail, officials were deliberately indifferent to his medical needs. On June 29, 2018, this Court entered an order dismissing the Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. (Doc. 11). Plaintiff was given until July 26, 2018, to file an amended complaint, and the Clerk mailed him a blank complaint form for his use in preparing his amended pleading. Plaintiff was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice, and the dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

  Plaintiff's deadline has come and gone, and Plaintiff has failed to respond in

any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464,

467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.03 13:35:57
-05'00'

**United States District Judge**